IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BELINDA L. SCHMIDT, ) | |
| ) | CA No. 05-1446 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| THE MERCY HOSPITAL OF PITTSBURGH ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Plaintiff Belinda L. Schmidt ("Plaintiff" or "Schmidt") filed this action against her former employer, Defendant The Mercy Hospital of Pittsburgh ("Defendant" or "Mercy"), alleging that Defendant failed to provide her a reasonable accommodation in violation of the Americans With Disabilities Act, 42 U.S.C. § 12112, *et seq.*, ("ADA") and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 955(a), *et seq.*, ("PHRA"), and that Defendant violated the Family and Medical Leave Act, 29 U.S.C. § 2614, *et seq.*, ("FMLA") (Doc. No. 30).  She further alleges that Defendant retaliated against her in violation of the ADA, PHRA and FMLA.  *Id.*  Plaintiff seeks reinstatement as well as compensatory damages, punitive damages and attorneys' fees.  *Id.*

Pending before this Court is Defendant's omnibus Motion for Summary Judgment (Doc. No. 40), pursuant to Fed. R. Civ. P. 56(b), seeking the dismissal of all of Plaintiff's claims.  In support of its motion, Defendant contends that Plaintiff cannot establish a prima facie case of disability discrimination or retaliation under the ADA or PHRA and cannot establish a claim under the FMLA. For the reasons that follow, the motion will be denied.

Summary judgment under Fed. R. Civ. P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Woodside v. School Dist. Of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001)(citations omitted). In deciding a summary judgment motion, the court must "view the evidence ... through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' – that is, pointing out to the District Court – that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party has carried this burden, the burden shifts to the non-moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993).

The Court has employed this standard in reviewing Defendants' motion and supporting memoranda (Doc. Nos. 40, 41, 42, 43, 52, 53, and 54) and Plaintiffs' responses thereto (Doc. Nos. 46, 47, 48, and 49). Based upon these memoranda, the pleadings and the evidence of record, the Court concludes that Defendant is not entitled to judgment as a matter of law on any of Plaintiff's

claims.

A.      **ADA Discrimination**

With regard to Plaintiff's ADA discrimination claim, Defendant contends that Schmidt cannot establish a prima facie case because (1) she is not a "qualified individual with a disability," and (2) she did not suffer any adverse employment action (Doc. Nos. 40, ¶¶ 10, 11; 41, ps. 6, 19).[1] Defendant argues that Plaintiff is not a "qualified individual with a disability" because her asthma/occupational asthma does not substantially limit her in any major life activity (Doc. No. 41). Plaintiff responds that she is substantially limited in the major life activity of breathing (Doc. No. 46, p. 7). While Defendant offers evidence that Plaintiff was never hospitalized for her asthma and that any physical conditions or symptoms she experienced were limited to her presence, both in time and location, to Defendant's Kenna Lab (Doc. No. 41, p. 15), Plaintiff has proffered the following evidence regarding the severity and long term impact of her condition: for purposes of her workers' compensation claim, Plaintiff submitted to a peak flow monitoring test from February 8 to March 7, 2005 which showed that, at times, Plaintiff suffered from a severe degree of airway obstruction; her peak flow measurements were "alarming" to her physician, Dr. Constantino, and were dropping down in to the 200s" which indicates she was "wheezing;" since leaving Mercy, Plaintiff suffered asthmatic episodes in June or July of 2005 and in January of 2006; and Dr. Constantino testified that Plaintiff could potentially experience symptoms for the rest of her life if she were exposed to high enough levels of mold (Doc. No. 47, ¶¶ 4, 12, 15, 16). Viewing the evidence in the light most favorable to Plaintiff and resolving genuine factual disputes in her favor, this Court finds that

---

[1] As the PHRA's definition of "handicap or disability" is substantially similar to the ADA's definition of "disability," the Court's treatment of Plaintiff's ADA claims properly applies to her PHRA claims. *See Kelly v. Drexel University*, 94 F.3d 102, 105 (3d Cir. 1996).

Plaintiff has proffered sufficient evidence regarding the severity of her asthma as well as the long term effects of her asthmatic condition from which a jury reasonably could conclude that Plaintiff is substantially limited in the major life activity of breathing.[2]

Additionally, Defendant argues that Plaintiff's failure to present evidence as to how her asthma/occupational asthma substantially limits her breathing as compared to the average person in the general population is fatal to her ADA claim (Doc. No. 41, p. 15). While 29 C.F.R. § 1630.2(j) does define the term "substantially limits" as "significantly restricted as to the condition, manner or duration under which [the individual] can perform a particular major life activity as compared to ... the average person in the general population," Plaintiff is not required to specifically set forth how her ability to breathe compares with the average person's ability to breathe in order to survive summary judgment. Rather, Plaintiff must present sufficient evidence from which a factfinder reasonably could conclude that Plaintiff's asthma/occupational asthma significantly restricts her ability to breathe as compared with an average person in the general population. *See Kelly*, 94 F.3d at 105 ("the question presented is whether [the plaintiff] adduced sufficient evidence from which a factfinder reasonably could conclude that the nature and severity of his injury significantly restricts his ability to walk as compared with an average person in the general population."); *see also Jackson v. Wal-Mart Stores*, No. 05-33E, 2007 WL 1041027, *10 (W.D. Pa. April 5, 2007) (no discussion of a comparison between the plaintiff's ability to breathe and the average person's in finding there was sufficient evidence from which a jury could reasonably conclude that the plaintiff was substantially limited in the major life activity of breathing.) Here, there is sufficient evidence from

---

[2] As this Court has determined that Plaintiff's claim that she is "disabled" survives summary judgment, it need not address Defendant's arguments that Plaintiff does not have a "history" of disability or that Plaintiff was not "regarded as" disabled.

which a factfinder reasonably could conclude that Plaintiff's asthma/occupational asthma significantly restricts her ability to breathe as compared with an average person in the general population.

In support of its contention that Plaintiff cannot establish a prima facie case of ADA discrimination because she did not suffer any adverse employment action, Defendant argues that Plaintiff was not constructively discharged, as she claims, because she refused to participate in the interactive process to determine an appropriate reasonable accommodation (Doc. No. 41, p. 19). Specifically, Defendant asserts that Plaintiff did not visit Dr. Lanzarotta and did not provide the necessary authorizations for release of her medical information (Doc. No. 41, p. 21). Plaintiff, however, maintains that she had already signed medical authorizations for Defendant to obtain all of Plaintiff's medical records and was never given the authorizations that Defendant claims she refused to sign (Doc. No 47, ¶¶ 118, 125). Ultimately, each party blames the other for the breakdown of the interactive process. Consequently, factual disputes exist regarding whether Plaintiff suffered an adverse employment action.

Even assuming Plaintiff can set forth a prima facie case of disability discrimination, Defendant contends that her claim still fails because she cannot show that Defendant's reasons for not relocating her from her work area were a pretext for disability discrimination. Again, Defendant relies upon the argument that Plaintiff was not constructively discharged because she did not participate in the interactive process to determine an appropriate reasonable accommodation. As discussed above, material issues of fact exist regarding whether Plaintiff failed to participate in the interactive process to determine an appropriate reasonable accommodation and, consequently, whether Plaintiff suffered a constructive discharge. Additionally, Plaintiff presents sufficient

evidence that Defendant has proffered inconsistent reasons for not relocating Plaintiff from the Kenna Lab from which a jury could reasonably disbelieve Defendant's reasons (Doc. No. 52, ¶¶ 156, 157, 160, 164, 179). *See Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir. 1994) (holding that to defeat summary judgment when a defendant offers a legitimate non-discriminatory reason for its action, the plaintiff must point to some evidence from which a factfinder could reasonably disbelieve the employer's articulated reason); *Abramson v. William Paterson College of New Jersey,* 260 F.3d 265, 284 (3d Cir. 2001) (holding that if a plaintiff demonstrates that the reasons given for her termination did not remain consistent, beginning at the time they were proffered and continuing throughout the proceedings, this may be viewed as evidence tending to show pretext). Defendant's motion for summary judgment as to Plaintiff's ADA and PHRA discrimination claims is, therefore, denied.

**B.     ADA Retaliation**

Defendant contends that Plaintiff's ADA retaliation claim should be dismissed because, again, Plaintiff, who failed to participate in the interactive process to determine an appropriate reasonable accommodation, cannot produce any evidence of an adverse action. As outlined above, material facts are in dispute regarding whether Plaintiff was constructively discharged and summary judgment is, therefore, not appropriate.

**C.     FMLA**

Defendant argues that Plaintiff's FMLA interference claim fails because (1) Defendant provided Plaintiff with notice of her FMLA rights through its posting of its FMLA policy, its FMLA Packet which was available in the Human Resources Department and Defendant's intranet site and because the FMLA policy was discussed during Plaintiff's new hire orientation on June 9, 2003; and (2) Plaintiff did not put Defendant on notice of a "serious health condition" or request leave due to

a "serious health condition" (Doc. Nos. 41, ps. 27-28; 53, ps. 6-7). With regard to Defendant providing Plaintiff notice of her FMLA rights, Plaintiff has offered evidence that in conversations with her supervisor and HR representative regarding her condition and continued employment, Plaintiff's FMLA rights were not discussed and that Plaintiff was not aware of her FMLA rights (Doc. Nos. 46, p. 36; 52, ¶¶ 147-150, 225-235). Accordingly, this Court finds that material issues of fact exist as to whether Defendant provided Plaintiff with sufficient individualized notice of her FMLA rights. *See Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 142 (3d Cir. 2004) ("the [DOL] regulations require employers to provide employees with individualized notice of their FMLA rights and obligations"); *see also Reifer v. Colonial Intermediate Unit 20,* 462 F.Supp.2d 621, 637 (M.D. Pa. 2006) ("[t]he burden is on the employer to ensure that the employee is aware of her rights under the FMLA and that qualifying leave is designated as FMLA leave" ). Similarly, disputed issues of fact remain as to whether Plaintiff sufficiently notified Defendant that leave was needed. *See Conoshenti,* 364 F.3d at 141 n. 6 (the employee need only notify the employer that leave is needed). While Defendant insists that Plaintiff never requested FMLA leave and did not notify Defendant of her "serious health condition"(Doc. No. 53, p. 6), Plaintiff counters that she informed her supervisor of her inability to breathe, that she requested to leave work early and take work off entirely on some days due to her inability to breathe, and that she provided Defendant with a medical note advising Plaintiff not to go to work (Doc. No. 52, ¶¶ 45, 46, 222-225). As such, Defendant is not entitled to summary judgment on Plaintiff's FMLA claim.

D.     **FMLA Retaliation**

Similar to its argument that Plaintiff's ADA retaliation claim fails, Defendant contends that Plaintiff's FMLA retaliation claim should be dismissed because Plaintiff cannot produce evidence

7

to support a finding of constructive discharge (Doc. No. 41, p. 29). As discussed previously, material issues of fact exist as to whether Plaintiff suffered a constructive discharge. Summary judgment is, therefore, denied as to Plaintiff's FMLA retaliation claim.

Accordingly, this **7th** day of September, 2007, upon consideration of Defendant The Mercy Hospital of Pittsburgh's Motion For Summary Judgment (Doc. No. 40 ), IT IS HEREBY ORDERED that the motion is **DENIED**. It is further ordered that the parties and counsel appear for a status/settlement conference on Thursday, **October 11, 2007 at 1:00 p.m.** in Room 5260, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

On or before October 4, 2007, the parties should submit brief confidential letters to the Court detailing the relative strengths and weaknesses of their case, as well as settlement postures including monetary amounts. The letters will not be filed nor shared with opposing counsel. Accordingly, candor is expected.

Furthermore, within two (2) business days prior to the conference, the parties shall each submit a proposed settlement agreement to the Court. The proposed agreement will not be filed nor shared with opposing counsel.

Counsel should be familiar with this Court's Practices and Procedures (see Court Practices and Procedures at www.pawd.uscourts.gov, link "court practice".)

**SO ORDERED** this 7th day of September, 2007

*Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

c/ecf:   All counsel of record